**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-6234**

_____

RICHARD DEAN MEARS,

                    Plaintiff - Appellant,

          v.

E. G. ESPARZA, Acting Warden; ROBERT TRYBUS, SIS Lieutenant;
MR. ELZA, Captain; MS. KOVSCEK, SIS Lieutenant Tech.; MS.
JOHNSON, Lieutenant; KENNETH ADAMS, Unit Manager; MR.
ROBINSON, Education Supervisor; JAMES TURNER, Counselor;
LORI LINDSAY, Case Manager; LISA LITTLE, Case Manager;
RONALD W. RIKER, Section Chief, Designation & Sentence
Computation Center; PAMELA STEINER, Case Manager, FCI
Elkton,

                    Defendants - Appellees.

_____

Appeal from the United States District Court for the Northern
District of West Virginia, at Elkins.   John Preston Bailey,
Chief District Judge. (2:08-cv-00115-JPB-DJJ)

_____

Submitted: November 17, 2011      Decided: November 22, 2011

_____

Before KING, DAVIS, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Richard Dean Mears, Appellant Pro Se.   Helen Campbell Altmeyer,
Assistant United States Attorney, Wheeling, West Virginia, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Dean Mears appeals the district court's order accepting the recommendation of the magistrate judge and denying relief on Mears' motion for reconsideration of the denial of his retaliation claim in his complaint filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and denying Mears' subsequent motion for reconsideration.[*] We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. Mears v. Esparza, No. 2:08-cv-00115-JPB-DJJ (N.D.W. Va. Dec. 22, 2010 & Jan. 13, 2011). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Mears' appeal from these orders was interlocutory when filed. The district court's subsequent entry of a final judgment permits review of the order under the doctrine of cumulative finality. In re Bryson, 406 F.3d 284, 287-89 (4th Cir. 2005); Equip. Fin. Group, Inc. v. Traverse Computer Brokers, 973 F.2d 345, 347 (4th Cir. 1992).